**Plaintiff:** Michael Allen

**Defendants:** United States Government and State of Maryland

**Jurisdiction:** United States District Court for the District of Maryland

**Nature of the Complaint**

This complaint is filed by the Plaintiff, Michael Allen, against the Defendants for discriminatory practices in disbursing seed funding, denying qualified funding applications, and failing to respond to numerous reports of attacks and netbias.

**Background**

**Plaintiff's Background**

Michael Allen is an entrepreneur and founder of Ufora, Inc., a tech company based in Baltimore, MD, focusing on innovation and technology development. Ufora, Inc. has demonstrated its qualification for seed funding through various federal and state programs, having met all eligibility criteria and being recognized for its potential to contribute significantly to technological advancements and economic growth.

**Facts Underlying the Claims**

1. **Denied Funding Applications:**
    - **Incident:** Despite meeting all eligibility criteria, Michael Allen's funding applications for Ufora, Inc. have been repeatedly denied by both federal and state funding programs.
    - **Actions by Defendants:** Federal and state officials, including those from the Small Business Administration (SBA) and Maryland state agencies, reviewed and denied the applications without providing sufficient explanations, while less qualified startups and businesses received substantial funding.
    - **Evidence and Witnesses:** Application records, denial letters, and communications with funding agencies can demonstrate this discriminatory pattern. Employees and colleagues at Ufora, Inc. can attest to the company's qualifications and the impact of the funding denials.



Rcv'd by:

2. **Systemic Discrimination and Netbias:**
3.
- **Incident:** Michael Allen has faced systemic discrimination and netbias, including gangstalking, which has resulted in the systematic denial of opportunities by Maryland state organizations.

    - **Actions by Defendants:** State officials and agencies in Maryland have consistently ignored or inadequately responded to Michael Allen's inquiries and applications, effectively denying him equal access to available resources.

    - **Evidence and Witnesses:** Documentation of inquiries and applications submitted to state organizations, along with the lack of responses or inadequate responses, will be provided. Witnesses may include colleagues, business associates, and other entrepreneurs who have observed or experienced similar discriminatory practices.

4. **IC3 Complaints and Lack of Response:**

- **Incident:** Michael Allen filed multiple Internet Crime Complaint Center (IC3) complaints with the FBI against the Baltimore City Police Department and other city officials regarding harassment, discrimination, and netbias.

- **Actions by Defendants:** Despite filing numerous complaints, Michael Allen received no response or action from the FBI to address these issues.

- **Evidence and Witnesses:** Copies of the IC3 complaints filed with the FBI, any related correspondence, and witness statements from those aware of the complaints and the lack of response.

5. **Gangstalking and Harassment:**

- **Incident:** Michael Allen experienced gangstalking and harassment intended to intimidate and deter him from pursuing his entrepreneurial endeavors.
- **Actions by Defendants:** Individuals acting on behalf of or in coordination with Maryland state officials carried out these actions, further hindering Ufora, Inc.'s growth.

- **Evidence and Witnesses:** Police reports, witness statements, and any available video or photographic evidence documenting the gangstalking and harassment incidents.

6. **Lack of Response from Authorities:**
- **Incident:** Despite reporting the discriminatory practices and attacks to various authorities, including the FBI, no response or action was taken to address the issues.

- **Actions by Defendants:** Authorities, including federal agencies like the FBI, failed to investigate or respond to the complaints filed by Michael Allen.

- **Evidence and Witnesses:** Records of reports made to authorities, any follow-up communications, and testimony from individuals aware of the lack of response.

## Allegations

**Denied Funding Applications**

1. **Federal Funding Denial:** Despite meeting all eligibility criteria, Ufora, Inc.'s applications for seed funding from federal programs, including SBA and other federal agencies, have been denied without adequate explanation. These actions violate the Equal Protection Clause of the Fourteenth Amendment and the Administrative Procedure Act (APA) (5 U.S.C. § 706).

2. **State Funding Denial:** Ufora, Inc.'s applications for state funding in Maryland have also been denied. The Maryland Technology Development Corporation (TEDCO) and other state agencies have failed to provide any substantial reason for these denials, indicating potential discriminatory motives. This violates the Equal Protection Clause of the Fourteenth Amendment.

**Discrimination and Netbias**

3. **Gangstalking and Harassment:** Michael Allen has experienced gangstalking and harassment, aimed at intimidating and dissuading him from pursuing his entrepreneurial endeavors. Evidence of these incidents, including police reports

and witness statements, will be presented. These actions constitute a violation of civil rights under 42 U.S.C. § 1983.

4. **Systematic Denial of Opportunities:** State organizations in Maryland have systematically ignored or inadequately responded to Michael Allen's inquiries and applications, denying him equal access to available resources. This systemic bias has severely impacted Ufora, Inc.'s growth prospects, violating the Equal Protection Clause of the Fourteenth Amendment and Maryland's anti-discrimination laws (Md. Code Ann., State Gov't § 20-606).

**Lack of Response from Authorities**

5. **FBI Reports Ignored:** Despite multiple reports to the FBI regarding these attacks and discriminatory practices, there has been no response or action taken to address these issues. Copies of these reports and communications with the FBI will be submitted as evidence. The failure to respond to these reports constitutes negligence and a violation of the Due Process Clause of the Fifth Amendment.

**Claims**

**Claims and Allegations Under Section 1983 and Defendants' Actions Under Color of Law**

**Section 1983** allows individuals to sue for violations of constitutional rights by persons acting under color of state or local law. Here's an explanation of how each defendant acted under color of state or local law for the specific claims:

6. **Violation of Equal Protection (Fourteenth Amendment)**
   - **Allegation:** Defendants, including state agencies and officials, systematically denied funding applications from Ufora, Inc. while approving less qualified applicants. These actions were taken in their official capacities as state officials and employees.
   - **Acting Under Color of State Law:** The defendants were performing their official duties, administering state funding programs, and making funding decisions as part of their roles within state government entities.

7. **Violation of Due Process (Fourteenth Amendment)**

and witness statements, will be presented. These actions constitute a violation of civil rights under 42 U.S.C. § 1983.

4. **Systematic Denial of Opportunities:** State organizations in Maryland have systematically ignored or inadequately responded to Michael Allen's inquiries and applications, denying him equal access to available resources. This systemic bias has severely impacted Ufora, Inc.'s growth prospects, violating the Equal Protection Clause of the Fourteenth Amendment and Maryland's anti-discrimination laws (Md. Code Ann., State Gov't § 20-606).

**Lack of Response from Authorities**

5. **FBI Reports Ignored:** Despite multiple reports to the FBI regarding these attacks and discriminatory practices, there has been no response or action taken to address these issues. Copies of these reports and communications with the FBI will be submitted as evidence. The failure to respond to these reports constitutes negligence and a violation of the Due Process Clause of the Fifth Amendment.

**Claims**

**Claims and Allegations Under Section 1983 and Defendants' Actions Under Color of Law**

**Section 1983** allows individuals to sue for violations of constitutional rights by persons acting under color of state or local law. Here's an explanation of how each defendant acted under color of state or local law for the specific claims:

6. **Violation of Equal Protection (Fourteenth Amendment)**
   - **Allegation:** Defendants, including state agencies and officials, systematically denied funding applications from Ufora, Inc. while approving less qualified applicants. These actions were taken in their official capacities as state officials and employees.
   - **Acting Under Color of State Law:** The defendants were performing their official duties, administering state funding programs, and making funding decisions as part of their roles within state government entities.

7. **Violation of Due Process (Fourteenth Amendment)**

- **Allegation:** State officials and agencies failed to provide a fair process for reviewing Ufora, Inc.'s funding applications and did not offer a reasoned explanation for their denials.

- **Acting Under Color of State Law:** The defendants were acting within their official capacities, following state procedures and policies that govern the review and approval of funding applications.

8. **First Amendment Violations (Freedom of Speech and Religion)**
    - **Allegation:** State officials retaliated against Michael Allen for speaking out about the discrimination he faced and for practicing his religious beliefs.

    - **Acting Under Color of State Law:** The retaliation was carried out by state officials using their authority and influence within state government roles.

9. **Fourth Amendment Violations (Unreasonable Searches and Seizures)**
    - **Allegation:** State law enforcement officers conducted unreasonable searches of Michael Allen's property without probable cause.

    - **Acting Under Color of State Law:** The officers were acting in their official capacity as state law enforcement agents, carrying out searches under state authority.

10. **Eighth Amendment Violations (Cruel and Unusual Punishment)**
    - **Allegation:** State prison officials subjected Michael Allen to inhumane conditions of confinement.

    - **Acting Under Color of State Law:** The prison officials were acting within their roles as state employees, managing and overseeing state correctional facilities.

11. **Police Misconduct and Excessive Use of Force**
    - **Allegation:** State police officers used excessive force against Michael Allen during an arrest.
    - **Acting Under Color of State Law:** The officers were performing their official duties as state law enforcement officers.

12. **Retaliation for Exercising Constitutional Rights**
    - **Allegation:** State officials retaliated against Michael Allen for filing complaints and seeking redress for his grievances.
    - **Acting Under Color of State Law:** The retaliation was carried out by state officials in their capacities as government employees.

13. **Violation of the Right to Privacy**
    - **Allegation:** State officials disclosed Michael Allen's private information without consent.
    - **Acting Under Color of State Law:** The officials were acting in their official capacities, with access to and control over sensitive information due to their state employment.

**Claims and Allegations under Bivens**

**Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics** allows individuals to sue federal officials for constitutional violations. Here's an explanation of how each defendant acted under color of federal law for the specific claims:

14. **Violation of Equal Protection (Fifth Amendment)**
    - **Allegation:** Federal officials, including agency administrators, denied funding applications from Ufora, Inc. while approving less qualified applicants.
    - **Acting Under Color of Federal Law:** The defendants were performing their official duties, administering federal funding programs and making funding decisions as part of their roles within federal government entities.

15. **Violation of Due Process (Fifth Amendment)**
    - **Allegation:** Federal officials failed to provide a fair process for reviewing Ufora, Inc.'s funding applications and did not offer a reasoned explanation for their denials.
    - **Acting Under Color of Federal Law:** The defendants were acting within their official capacities, following federal procedures and policies that govern the review and approval of funding applications.

16. **First Amendment Violations (Freedom of Speech and Religion)**
    - **Allegation:** Federal officials retaliated against Michael Allen for speaking out about the discrimination he faced and for practicing his religious beliefs.
    - **Acting Under Color of Federal Law:** The retaliation was carried out by federal officials using their authority and influence within federal government roles.

17. **Fourth Amendment Violations (Unreasonable Searches and Seizures)**
    - **Allegation:** Federal law enforcement officers conducted unreasonable searches of Michael Allen's property without probable cause.
    - **Acting Under Color of Federal Law:** The officers were acting in their official capacity as federal law enforcement agents, carrying out searches under federal authority.

18. **Eighth Amendment Violations (Cruel and Unusual Punishment)**
    - **Allegation:** Federal prison officials subjected Michael Allen to inhumane conditions of confinement.
    - **Acting Under Color of Federal Law:** The prison officials were acting within their roles as federal employees, managing and overseeing federal correctional facilities.

19. **Police Misconduct and Excessive Use of Force**
    - **Allegation:** Federal agents used excessive force against Michael Allen during an arrest.
    - **Acting Under Color of Federal Law:** The agents were performing their official duties as federal law enforcement officers.

20. **Retaliation for Exercising Constitutional Rights**
    - **Allegation:** Federal officials retaliated against Michael Allen for filing complaints and seeking redress for his grievances.
    - **Acting Under Color of Federal Law:** The retaliation was carried out by federal officials in their capacities as government employees.

21. **Violation of the Right to Privacy**
    - **Allegation:** Federal officials disclosed Michael Allen's private information without consent.

    - **Acting Under Color of Federal Law:** The officials were acting in their official capacities, with access to and control over sensitive information due to their federal employment.

In both Section 1983 and Bivens actions, the crucial element is that the defendants acted in their official capacities and used their authority to carry out the alleged violations.

**Violation of Equal Protection (42 U.S.C. § 1983)**

The Defendants have discriminated against the Plaintiff by denying him equal access to seed funding opportunities available to other qualified applicants, violating the Equal Protection Clause of the Fourteenth Amendment. The selective and unjustified denial of funding applications constitutes discriminatory treatment without a rational basis (Village of Willowbrook v. Olech, 528 U.S. 562 (2000)).

**Negligence**

The Defendants failed to investigate and respond to the Plaintiff's reports of discrimination, attacks, and netbias, causing significant harm to his business. This negligence has resulted in substantial financial losses and has stifled Ufora, Inc.'s potential for growth and innovation. This claim is supported by general principles of tort law regarding the duty to act reasonably and avoid causing harm to others (Restatement (Second) of Torts § 282).

**Failure to Provide Due Process (42 U.S.C. § 1983)**

The Defendants' actions have deprived the Plaintiff of his right to due process by unfairly denying funding and failing to address his complaints, in violation of the Fifth Amendment. The arbitrary and capricious denial of funding applications without due process has unjustly harmed the Plaintiff (Goldberg v. Kelly, 397 U.S. 254 (1970)).

**Violation of the Administrative Procedure Act (APA) (5 U.S.C. § 706)**

The Defendants failed to provide a reasoned explanation for denying the Plaintiff's funding applications, making their actions arbitrary and capricious. Under the APA (5 U.S.C. § 706), agencies are required to provide a rational basis for their decisions, which has not been met in this case (Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29 (1983)).

**Bivens Claims for Constitutional Violations**

Section 1983 of Title 42 of the United States Code provides a remedy for individuals whose federal constitutional or statutory rights have been violated by persons acting under color of state law. The following are violations under Section 1983:

22. **Violation of Equal Protection (Fourteenth Amendment):**
    - Discriminatory treatment based on race, gender, religion, national origin, or other protected characteristics.
    - Example: Selective enforcement of laws or denial of government benefits based on discrimination.
23. **Violation of Due Process (Fourteenth Amendment):**
    - Procedural Due Process: Failure to provide fair procedures before depriving someone of life, liberty, or property.
    - Substantive Due Process: Government action that is arbitrary, capricious, or not justified by a legitimate governmental interest.
    - Example: Arbitrary denial of licenses, permits, or government benefits.
24. **First Amendment Violations:**
    - Freedom of Speech: Retaliation for exercising free speech rights.
    - Freedom of Religion: Discrimination based on religious beliefs or practices.

- Example: Retaliation against a public employee for speaking out on a matter of public concern.

25. **Fourth Amendment Violations:**
    - Unreasonable searches and seizures.
    - Excessive use of force by law enforcement officers.
    - Example: Police misconduct, including unlawful arrest or excessive force during an arrest.

26. **Eighth Amendment Violations:**
    - Cruel and unusual punishment.
    - Example: Inadequate medical care or inhumane conditions of confinement in prisons.

27. **Excessive Force and Police Misconduct:**
    - Actions by law enforcement officers that use excessive force or engage in misconduct while performing their duties.
    - Example: Police brutality or abuse of detainees.

28. **Retaliation:**
    - Retaliation against an individual for exercising their constitutional rights.
    - Example: Retaliatory actions taken by a government official against someone for filing a complaint or lawsuit.

29. **Violation of the Right to Privacy:**
    - Intrusion into personal matters without a legitimate government interest.
    - Example: Unauthorized disclosure of private information by a government official.

**Violations are under section 1983**

the defendant acted under color of state federal law and that their conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

**Bivens Claim for Constitutional Violations by Federal Officials**

In addition to the previously stated claims, the Plaintiff asserts a Bivens action against individual federal officials involved in the discriminatory practices and denial of funding. This claim addresses the violation of Michael Allen's constitutional rights by federal officials acting under color of federal authority.

**Violation of Equal Protection (Bivens Claim)**

The individual federal officials involved in denying the Plaintiff's funding applications and ignoring his complaints engaged in discriminatory practices that violated the Equal Protection Clause of the Fourteenth Amendment, as applied to the federal government through the Fifth Amendment's Due Process Clause.

**Violation of Due Process (Bivens Claim)**

The arbitrary and capricious actions of the individual federal officials, including the denial of funding applications and the failure to address the Plaintiff's complaints, deprived Michael Allen of his right to due process under the Fifth Amendment.

**Relief Sought**

**Compensatory Damages**

For the financial losses incurred due to the denial of funding and discriminatory practices. This includes but is not limited to:

- Loss of potential revenue and business opportunities estimated at $10 million.
- Costs incurred in applying for funding and addressing the discriminatory practices estimated at $500,000.

**Legal Basis:** Compensatory damages are awarded to cover the actual loss suffered by the plaintiff (42 U.S.C. § 1983; 5 U.S.C. § 702).

**Punitive Damages**

To deter the Defendants from continuing their discriminatory and negligent practices, Plaintiff seeks $10 million in punitive damages.

**Legal Basis:** Punitive damages are awarded to punish the defendant for particularly egregious conduct and to deter similar actions in the future (42 U.S.C. § 1983).

**Injunctive Relief**

To ensure that the Plaintiff is granted equal access to funding opportunities and that his complaints are properly addressed.

**Legal Basis:** Injunctive relief is an equitable remedy that compels a party to do or refrain from specific acts (5 U.S.C. § 702).

**Legal Fees**

Reimbursement for all legal costs associated with this complaint, estimated at $250,000.

**Legal Basis:** The prevailing party in a civil rights action is entitled to an award of attorney's fees (42 U.S.C. § 1988).

**Case Law and Legal Precedents**

**Village of Willowbrook v. Olech, 528 U.S. 562 (2000)**

Established that individuals could claim a violation of equal protection based on arbitrary government action targeting a "class of one."

**Goldberg v. Kelly, 397 U.S. 254 (1970)**

Affirmed the due process rights of individuals when denied government benefits.

**Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29 (1983)**

Reinforced the requirement for agencies to provide reasoned explanations for their decisions under the Administrative Procedure Act (APA).

**Yick Wo v. Hopkins, 118 U.S. 356 (1886)**

Reinforced the principle that laws and regulations must be applied equally and not in a discriminatory manner.

**Schweiker v. Hansen, 450 U.S. 785 (1981)**

Highlighted the requirement for government agencies to follow their own procedural guidelines, ensuring fair treatment of all applicants.

**Conclusion**

Michael Allen respectfully requests that the court take immediate action to address the Defendants' discriminatory practices, provide appropriate relief, and ensure equal access to funding opportunities for all qualified applicants.

Filed by:

Michael Allen

P.O. Box 41471

Baltimore, MD 21203

Phone: 443-381-1501

Date: 08/15/2024

Signature: *[signature]*

Michael Allen