# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MICHAEL ALLEN, | * |
| Plaintiff, | * |
| v. | * Civ. No. MJM-24-2653 |
| UNITED STATES, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM

Self-represented plaintiff Michael Allen ("Plaintiff") filed this civil action against the United States and the State of Maryland alleging violations of Plaintiff's constitutional rights, negligence, and violations of the Administrative Procedure Act ("APA"). ECF No. 1. This matter is before the Court on Plaintiff's motion for default judgment, ECF 29; motion to strike, ECF 36; motion to join necessary parties, ECF 27; motion for partial summary judgment, ECF 19; and motion for appointment of counsel, ECF 13; and the defendants' motions to dismiss, ECF 15 & 25. The motions are ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Court shall grant the defendants' motions to dismiss and deny Plaintiff's motions.

### I. BACKGROUND

#### A. Factual Background

Plaintiff filed this civil action against the federal and Maryland state governments alleging "discriminatory practices in disbursing seed funding, denying qualified funding applications, and

1

failing to respond to numerous reports of attacks and netbias." Complaint ("Compl."), ECF 1, at 1. Plaintiff claims that he is an entrepreneur and founder of Ufora, Inc. ("Ufora"), a technology company based in Baltimore, Maryland "focusing on innovation and technology development." *Id.* Plaintiff alleges that Ufora was "repeatedly" denied funding applications from both federal and state funding programs "[d]espite meeting all eligibility criteria[.]" *Id.* Further, he alleges that "[f]ederal and state officials, including those from the Small Business Administration (SBA) and Maryland state agencies, reviewed and denied the applications without providing sufficient explanations, while less qualified startups and businesses received substantial funding." *Id.* Plaintiff also alleges that he has faced "systemic discrimination and netbias, including gangstalking," leading to "the systematic denial of opportunities by Maryland state organizations." *Id.* at 2. Plaintiff filed multiple Internet Crime Complaint Center (IC3) complaints with the FBI against the Baltimore City Police Department and other city officials alleging "harassment, discrimination, and netbias." *Id.* He claims that his reports to the FBI have been ignored.

      Plaintiff claims that the denials of his applications for seed funding violate the Equal Protection Clause of the Fourteenth Amendment and the Administrative Procedure Act (APA). *Id.* at 3, 4. He also alleges violations of the First, Fourth, and Eight amendments, as well as misconduct and excessive use of force by the police, retaliation for exercising constitutional rights, violations of the right to privacy, and negligence. *Id.* at 6–9. As to the First Amendment violation, Plaintiff alleges that "[s]tate officials retaliated against [him] for speaking out about the discrimination he faced and for practicing his religious beliefs." *Id.* at 6. As to the Fourth Amendment violation, Plaintiff alleges that "[s]tate law enforcement officers conducted unreasonable searches of [his] property without probable cause." *Id.* As to the Eighth Amendment violation, Plaintiff alleges that "[s]tate prison officials subjected [him] to inhumane conditions of confinement. *Id.* As to the police

2

misconduct claim, Plaintiff alleges that "[s]tate police officers used excessive force against [him] during an arrest." *Id.* As to the retaliation claim, Plaintiff alleges that "[s]tate officials retaliated against [him] for filing complaints and seeking redress for his grievances." *Id.* at 7. As to the privacy violation, Plaintiff alleges that "[s]tate officials disclosed [his] private information without consent." *Id.* With respect to each violation, Plaintiff claims that the state officials acted in their official capacities. *Id.* at 6–7.

Plaintiff also re-asserts each of the foregoing claims as *Bivens* claims against unnamed federal officials. *Id.* at 7–8; *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In support of his equal protection claim, asserted under 42 U.S.C. § 1983, Plaintiff alleges that "[f]ederal officials, including agency administrators, denied funding applications from Ufora, Inc. while approving less qualified applicants[.]" Compl. at 9. In support of his § 1983 due process claim, he alleges that "federal officials failed to provide a fair process for reviewing Ufora, Inc.'s funding applications and did not offer a reasoned explanation for their denials." *Id.* Plaintiff asserts a claim for negligence on the grounds that "[t]he Defendants failed to investigate and respond to the Plaintiff's reports of discrimination, attacks, and netbias, causing significant harm to his business." *Id.* at 9. Finally, Plaintiff claims that Defendants violated that APA in failing to provide "a reasoned explanation for denying the Plaintiff's funding applications, making their actions arbitrary and capricious." *Id.* at 10. Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and legal fees. *Id.* at 13.

### B. Procedural Background

On September 13, 2024, Plaintiff filed his complaint against the United States and the State of Maryland. ECF 1. On January 8, 2025, the State of Maryland filed a Motion to Dismiss. ECF 15. On January 15, 2025, Plaintiff filed a response in opposition to State of Maryland's Motion to

Dismiss coupled with a Motion for Partial Summary Judgment. ECF 19. On February 4, 2025, the State of Maryland filed a Response in Opposition to Plaintiff's Motion for Partial Summary Judgment. ECF 22. On February 18, 2025, Plaintiff filed a Reply. ECF 24.

On March 28, 2025, the United States filed a Motion to Dismiss. ECF 25. On March 31, 2025, Plaintiff filed a joint Rule 19(a) Motion to Join Necessary Parties and Response in Opposition to the federal Government's Motion to Dismiss. ECF 27. On April 4, 2025, Plaintiff filed a Motion for Default Judgment against the State of Maryland. ECF 29. On April 14, 2025, the United States filed a response in opposition to Plaintiff's Rule 19(a) Motion. ECF 30. On April 23, 2025, the State of Maryland filed a response in opposition to Plaintiff's Motion for Default Judgment. ECF 33. On April 25, 2025, Plaintiff filed a Motion to Strike the State of Maryland's Response in Opposition to Plaintiff's Motion for Default Judgment. ECF 36.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO STRIKE

Plaintiff filed a motion for default judgement against the State of Maryland based upon a "certified written tort claim" filed with the Maryland State Treasurer that was unanswered by the State of Maryland. ECF 29. Each defendant filed a response in opposition to this motion. ECF 30 & 33. Plaintiff then filed a motion to strike the State of Maryland's opposition based upon the State's failure to file a timely response to Plaintiff's motion for partial summary judgment. ECF 36.

A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. *See International Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL–CIO v. Virginia Intern. Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D.Va. 1995); *First Financial Sav. Bank v. American Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D.N.C. 1991); *United States v. Fairchild Indus. Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991); *Clark v. Milam,* 152 F.R.D. 66, 70 (S.D.W.Va.

4

1993). The Court agrees with Plaintiff that the State's response to his motion for partial summary judgment was untimely but finds that striking the State's opposition is unnecessary. Given the untimely filing, the Court will simply decline to consider the State's response to Plaintiff's motion for partial summary judgment. The motion to strike is denied.

Default judgment would be improper. "For a plaintiff to obtain a default judgment, Rule 55 [of the Federal Rules of Civil Procedure] sets forth a two-step process that first requires the entry of a default by the clerk or the court under Rule 55(a) and then entry of a default judgment under Rule 55(b)." *Amerifactors Fin. Grp., LLC v. PHD Tech. Sols., LLC*, Civ. No. RDB-19-0207, 2019 WL 2579349, at *1 (D. Md. June 24, 2019). Rule 55(a), governing the entry of default, states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a default is entered, under Rule 55(b)(1), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, no default has been entered against the State, and the State has demonstrated its intention to defend against Plaintiff's claims by filing a motion to dismiss. *See* ECF 15. Importantly, the U.S. Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, Plaintiff's motion for default judgment is denied.

### III. DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Each government defendant has filed a motion to dismiss this case for lack of subject matter jurisdiction and for Plaintiff's failure to state a claim for relief. ECF 15 (State of Maryland's motion); ECF 25 (United States' motion). Plaintiff opposed the State's motion and filed a motion for partial summary judgment against the State. ECF 19. Plaintiff separately opposed the United States' motion. ECF 27-1.

#### A. Standard of Review

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge ... or a factual challenge." *Id.* (citations omitted) (internal quotations omitted). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *In re Jones v. Md. Dept. of Pub. Safety*, Civ. No. JRR-21-01889, 2024 WL 493269, at *3 (D. Md. Feb. 8, 2024).

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

6

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*). When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Ordinarily, "a court is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, courts may "consider documents that are explicitly incorporated into the complaint by reference" or "document[s] submitted by the movant" that are "integral to the complaint" if "there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted).

If the court does consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56[,]" but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The U.S. Court of Appeals for the Fourth Circuit "has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice and (2) a reasonable opportunity for discovery." *Canty v. Corcoran*, Civ. No. GLR-18-1404, 2022 WL 899278, at *4 (D. Md. Mar. 28, 2022) (citing *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir.

2013)). Converting a motion to dismiss to a summary judgment motion is not appropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. Du Pont de Nemours & Co. v. Kolton Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (second alteration in *Folkes*). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff'"; rather, the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King*, 825 F.3d at 212, 214 (quoting *Twombly*, 550 U.S. at 570)).

### B. Claims Against the State of Maryland

In its motion to dismiss, Maryland argues that it is entitled to immunity from Plaintiff's constitutional claims under the Eleventh Amendment and that this Court lacks subject matter jurisdiction over these claims. ECF 15. Plaintiff filed a response in opposition to the motion and his own motion for partial summary judgment. ECF 19.

The Eleventh Amendment to the U.S. Constitution generally bars claims brought in federal court under 42 U.S.C. § 1983 against a State, its departments and agencies, or state officials in their official capacity. *See Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Kitchen v. Upshaw*, 286 F.3d 179, 183 (4th Cir. 2002) ("The Eleventh Amendment[ ] limits the Article III jurisdiction of

the federal courts to hear cases against States and state officers acting in their official capacities.") (footnote omitted); *Lawson v. Union Cnty. Clerk of Ct.*, 828 F.3d 239, 250 (4th Cir. 2016) (states and state agencies alike are protected from federal suit by the Eleventh Amendment) (citations omitted). Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Amison v. George Mason Univ.*, No. 23-1042, 2023 WL 8946774, at *2 (4th Cir. Dec. 28, 2023) (per curiam) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). Without the state's consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "[I]f a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim." *Id.* at 120; *see also Gregory v. Currituck Cnty.*, No. 21-1363, 2022 WL 1598961, at *2 (4th Cir. May 20, 2022) (per curiam) ("[C]laims for damages brought under § 1983 can only be brought against 'persons' acting under color of state law, and neither states nor state officials acting in their official capacities are considered 'persons' under § 1983.") (citation omitted).

Here, Plaintiff sues the Maryland state government for money damages under 42 U.S.C. § 1983 based on vague allegations of past constitutional violations by unnamed state officials acting in their official capacities. Such claims are barred by the Eleventh Amendment. "While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code, Ann., State Gov't, §§ 12-101, *et seq.*, it has not waived its immunity under the Eleventh Amendment to suit in federal court." *Dixon v. Baltimore City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003), *aff'd*, 88 F. App'x 610 (4th Cir. 2004). Therefore, this Court lacks

subject matter jurisdiction over Plaintiff's § 1983 claims for damages. *See Pevia v. Hogan*, 443 F. Supp. 3d 612, 631 (D. Md. 2020) ("The Fourth Circuit has recognized that the defense of sovereign immunity is a jurisdictional bar, stating that sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.") (quoting *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018)) (internal quotations omitted).

Plaintiff argues that the *Ex Parte Young* exception applies to his claims, and that Congress has abrogated Maryland's Eleventh Amendment immunity for claims involving racial discrimination and constitutional violations under Title VI and Title VII of the Civil Rights Act of 1964, and the Fourteenth Amendment. ECF 19 at 5–6. There is no indication from the face of the Complaint that Plaintiff seeks to assert any claim against the State of Maryland for violations of Title VI or Title VII, and the Complaint fails to state a plausible claim for relief under the *Ex Parte Young* doctrine.

The *Ex Parte Young* doctrine provides an exception to Eleventh Amendment immunity in cases where a plaintiff seeks injunctive relief against state officials for violations of federal rights. *See Ex Parte Young*, 209 U.S. 123 (1908). This exception "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 163 (4th Cir. 2023) (citing *Ex Parte Young*, 209 U.S. at 159). The *Ex Parte Young* exception "rests on the [legal fiction] that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254–55 (2011). In determining whether the *Ex Parte Young* exception applies, the court's inquiry focuses on "whether the

injunctive relief sought is prospective or retroactive in nature." *Antrican v. Odom*, 290 F.3d 178, 186 (4th Cir. 2002). "[A] court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Dobson*, 68 F.4th at 163–64 (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)).

Although the Complaint states that Plaintiff seeks injunctive relief "[t]o ensure that [he] is granted equal access to funding opportunities and that his complaints are properly addressed[,]" ECF 1 at 14, Plaintiff does not allege that any violations of federal law referenced in the Complaint are ongoing. Further, Plaintiff fails to identify what "funding opportunities" or programs to which he has been denied access.

Any APA claim Plaintiff asserts against the State of Maryland fails as a matter of law. The APA's definition of "agency" does not include state governmental entities. *See* 5 U.S.C.A. § 551(1); *Hill v. Richardson*, 7 F.3d 656, 658 (7th Cir. 1993) ("The Administrative Procedure Act does not apply to state governments . . . .").

Finally, Plaintiff's negligence allegation fails to state a plausible claim. Generally, to state a claim for negligence under Maryland law, a plaintiff must allege "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Rowhouses, Inc. v. Smith*, 133 A.3d 1054, 1066 (Md. 2016) (citation omitted). Here, Plaintiff does not identify any duty that the State had toward Plaintiff and breached, resulting in actual injuries or losses. Plaintiff complains of defendants' failure to respond to reports he made to the FBI, but he does not allege having made any reports to the State or the grounds for any duty the State had to respond to any such reports.

For the foregoing reasons, Plaintiff's claims against the State of Maryland must be dismissed. Plaintiff's motion for partial summary judgment against the State is denied as moot.

### C. Claims Against the United States

Plaintiff also alleges the United States violated his constitutional rights and failed to investigate complaints Plaintiff lodged with federal agencies. The United States has moved to dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction. ECF 25. The claims against the United States must be dismissed for lack of subject matter jurisdiction because the federal government has not waived its sovereign immunity with respect to any of the claims asserted by Plaintiff.

Any waiver of sovereign immunity by the federal government must be "unequivocally expressed in statutory text, . . . and will not be implied[.]" *Lane v. Peña*, 518 U.S. 187, 192 (1996) (citations omitted). Waiver of sovereign immunity "is to be strictly construed, in terms of its scope, in favor of the sovereign ...." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). A plaintiff bears the burden of showing the existence of "an unequivocal waiver of sovereign immunity . . . ." *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 293 (4th Cir. 2024) (citing *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005)).

Although the Federal Tort Claims Act "'waived the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment[,]" *Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475–476 (1994)), any tort action instituted against the United States for money damages requires that the claimant "first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a). The civil action may not be instituted until the claim has been "finally denied by the agency in writing and sent by certified or registered mail." *Id.* The filing of an administrative

claim "is jurisdictional and may not be waived." *Neal v. United States*, 599 F. Supp. 3d 270, 312 (D. Md. 2022) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *see also Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024). Thus, "dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency[.]" *Henderson*, 785 F.2d at 124. Plaintiff has failed to demonstrate that he satisfied the jurisdictional prerequisite of filing an administrative claim before filing this suit.

Even if Plaintiff satisfied the exhaustion requirement, he fails to state a plausible negligence claim against the United States. The only specific conduct he alleges that might conceivably support a negligence claim is the FBI's failure to investigate and respond to his complaints. Any tort claim based on these generalized allegations would be barred by discretionary function doctrine.

The FTCA's waiver of sovereign immunity "is circumscribed by numerous exceptions," and "the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions apply." *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017). One of those exceptions applies to "claims 'based upon the exercise or performance or the failure to exercise or perform *a discretionary function or duty* on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Id.* (quoting 28 U.S.C. § 2680(a)) (emphasis in *Wood*). A "two-step analysis" is used to determine whether this "discretionary function exception" applies. *Id.* at 128. "First, a court must determine whether the conduct in question 'involves an element of judgment or choice.'" *Id.* (quoting *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). "Second, when the challenged conduct is the product of judgment or choice, the court must still determine whether the decision made was 'based on considerations of public policy.'" *Id.* (quoting *Berkovitz*, 486 U.S. at 537).

13

Plaintiff's argument against application of the discretionary function exception to his claims does not involve the foregoing two-step analysis. In the absence of greater factual detail from Plaintiff, the Court finds that the conduct alleged in his Complaint both "involves an element of judgment or choice" by federal officials and is "based on considerations of public policy." *Berkovitz*, 486 U.S. at 536–37. Other courts have come to the same conclusion in similar cases. *See Blanco Ayala v. United States*, 982 F.3d 209, 215 (4th Cir. 2020) ("In deciding whom to investigate, detain, and then remove, DHS officers must make all the kinds of classic judgment calls the discretionary function exception was meant to exempt from tort liability."); *Linder v. United States*, 937 F.3d 1087, 1091 (7th Cir. 2019) ("No one can doubt that the investigation of (potential) crimes, and the management of a federal workforce in which one employee is a (potential) criminal, are discretion-laden subjects."). Indeed, "[c]ourts have overwhelmingly found that claims of negligent investigation or negligent arrest by law enforcement officers are barred by the discretionary function exception." *Burgess v. Watson*, No. 1:12CV810, 2014 WL 4540256, at *3 (M.D.N.C. Sept. 11, 2014) (citing cases). In sum, the generally vague allegations in the Complaint fail to state a plausible tort claim against the federal government to which it is not immune.

Plaintiff's *Bivens* claims also fail as a matter of law. To state a *Bivens* claim, a plaintiff must allege that "'a federal agent acting under color of h[er] [federal] authority' violated his constitutional rights." *Williams v. United States*, Civ. No. DKC-21-537, 2021 WL 1720230, at *2 (D. Md. Apr. 30, 2021) (quoting *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 389 (1971)). "Although *Bivens* recognizes a personal-capacity cause of action for damages against federal officials for violations of federal constitutional rights, *Bivens* does not operate as a waiver of sovereign immunity for actions against the Federal Government and its agencies." *Everett v.*

*Francis*, Civ. No. 5:07CV135, 2009 WL 2971359, at *3 (N.D.W. Va. Sept. 16, 2009) (citing *Bivens*, 403 U.S. at 397). Moreover, the "Supreme Court has refused to extend *Bivens* a number of times and expansion of the *Bivens* remedy is now disfavored." *Williams*, 2021 WL 1720230, at *3 (citing *Ziglar v. Abassi*, 137 S.Ct. 1843, 1848 (2019)). The claims Plaintiff has asserted here— for example, federal officials denying Plaintiff's company grants, *see* ECF 1 at 7— "do not fit into any of the recognized causes of actions to which *Bivens* has been extended." *Id.*

Any APA claim Plaintiff seeks to assert against the United States likewise fails for failure to state a plausible claim for relief. The APA permits judicial review a "final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. Under the APA, courts may "hold unlawful and set aside agency action, findings, and conclusions found to be" (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" (2) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and (3) "without observance of procedure required by law[.]" 5 U.S.C. § 706(2)(A), (C), (D). Two conditions must be met for an agency action to be deemed "final" for purposes of the APA. *See U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016); *Bennett v. Spear*, 520 U.S. 154, 177 (1997). "First, the action must mark the 'consummation' of the agency's decisionmaking process[;] it must not be of a merely tentative or interlocutory nature." *Bennett*, 520 U.S. at 177– 78 (quoting *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948)). Second, "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow[.]'" *Id.* at 178 (quoting *Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)). Here, Plaintiff alleges in conclusory and formulaic fashion that "[t]he Defendants failed to provide a reasoned explanation for denying the Plaintiff's funding applications, making their actions arbitrary and

15

capricious." ECF 1 at 10. But Plaintiff fails to allege sufficient facts to identify what agency actions—what denials of "funding applications"—he seeks to challenge.

Accordingly, Plaintiffs' claims against the United States must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### IV.  PLAINTIFF'S MOTION TO JOIN PARTIES

In a motion styled as a "Motion to Join Necessary Parties Pursuant to Fed. R. Civ. P. 19(a) and Rule 21," Plaintiff seeks leave to join seven government agencies as defendants in this case. ECF 27. The United States opposes this motion, arguing that leave of court is required to join these defendants under Rule 15(a). ECF 30. Because all claims asserted in this case are subject to dismissal, for reasons explained in Part III, *supra*, the Court will deny the motion to join parties as moot. The Court notes, however, that the joinder of the listed federal and state agencies does not cure any of the above noted deficiencies in Plaintiff's Complaint. Therefore, to the extent Plaintiff seeks an amendment of his Complaint under Rule 15(a), *see* Fed. R. Civ. P. 15(a),[1] Plaintiff's proposed amendment is futile, and therefore any motion for leave to amend must be denied.

### V.  MOTION TO APPOINT COUNSEL

Plaintiff filed a motion seeking appointment of counsel after the summonses issued in this case. ECF 13. Under 28 U.S.C. § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel. A district court's power to appoint counsel under

---

[1] The Fourth Circuit has endorsed a liberal approach to granting motions to amend, interpreting Rule 15(a) "to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal citations omitted). Leave to amend should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citation omitted). Here, Plaintiff's amendment to add various federal and state agencies that have sovereign immunity, and against whom Plaintiff has failed to state a plausible claim, is "clearly insufficient." *Id.*

28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no right to appointment of counsel in a civil case; an indigent claimant must present "exceptional circumstances." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citation omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel); *see also Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) ("[A] district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel[,]" including "whether the plaintiff has a colorable claim" and "considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." (internal quotation marks and citation omitted)).

Here, for reasons explained in Part III, *supra*, the Court does not find that Plaintiff has a colorable claim; nor does the Court find that Plaintiff lacks the capacity to present any colorable claim he may have. His pleading and motions are clear; they simply lack merit. Accordingly, Plaintiff's motion to appoint counsel is denied.

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff's motions are denied, and the defendants' motions to dismiss are granted. The Complaint is dismissed without prejudice. However, in consideration of Plaintiff's pro se status, he will be afforded a final opportunity to present an amended pleading that satisfies the pleading standards explained in this Memorandum Order. Plaintiff shall be granted 28 days to file a motion for leave to amend under Rule 15 of the Federal Rules of Civil

Procedure, attaching a copy of the proposed amended pleading. The Court notes that the proposed amendment supersedes all prior pleadings and therefore must include all facts Plaintiff seeks to present in support of her claims. If Plaintiff does not file a timely motion for leave to amend, this case shall be closed.

      A separate Order will issue.

|    9/30/25    |       /S/                  |
|---|---|
| Date | Matthew J. Maddox |
| | United States District Judge |