IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL ALLEN, | * |
| Plaintiff | * |
| | * Civ. No.: MJM-24-2653 |
| v. | * |
| UNITED STATES, *et al.*, | * |
| Defendants. | * |

* * * * * * * * * *

**MEMORANDUM ORDER**

Currently pending are self-represented plaintiff Michael Allen's ("Plaintiff") motion for leave to file an amended complaint, ECF 40; motion for entry of default as to the State of Maryland, ECF 39; motion for entry of default as to the United States, ECF 55; and motion for appointment of counsel, ECF 43. The State of Maryland filed an opposition to Plaintiff's motion for leave to amend, ECF 54, to which Plaintiff filed a reply, ECF 58. The United States filed an opposition to Plaintiff's motion for leave to amend, motion for entry of default, and motion for appointment of counsel, ECF 56, to which Plaintiff filed a reply, ECF 57. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Plaintiff's motions are denied, and this matter shall be closed.

**I.   MOTION FOR LEAVE TO AMEND**

Plaintiff's motion for leave to amend his Complaint is denied because it is clear from the face of the proposed amendment that it is insufficient to state any plausible claim for relief over which this Court has subject matter jurisdiction, it would not survive a motion to dismiss, and it is therefore futile.

1

Amendment of pleadings in federal court is governed by Rule 15 of the Federal Rules of Civil Procedure. The Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted). Leave to amend may be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

As Plaintiff acknowledges, the Court previously granted the defendants' motions to dismiss his original Complaint. ECF 38.[1] In its accompanying Memorandum, the Court specifically identified various pleading deficiencies and jurisdictional defects in the Complaint. ECF 37. In due consideration of Plaintiff's self-represented status, however, the Court dismissed the Complaint without prejudice and set a deadline for Plaintiff to file a motion for leave to file an amended complaint. ECF 37 & 38. In response, Plaintiff filed a timely motion for leave to amend, ECF 40, but failed to attach a copy of his proposed amended pleading to his motion, as required by Local Rule 103.6. Upon notice of this deficiency, ECF 41, Plaintiff filed a supplement titled "Plaintiff's Amended Complaint and Response to Court's Dismissal." ECF 42. Although the title of this document suggests that it is Plaintiff's proposed amended complaint, and it has some features of a typical pleading, much of the document reads like a memorandum of law in support

---

[1] In the same Order, the Court also denied motions for default judgment and for appointment of counsel previously filed by Plaintiff, as well as his prior motion for partial summary judgment, motion to join parties, and motion to strike.

of a motion for leave to amend, and it repeats arguments made in Plaintiff's motion. *Id.* Furthermore, the document seems to refer to some *other* document as a proposed amended complaint, designating the proposed amendment "Exhibit A," without attaching any such exhibit. *See id.* at 4. The same document also, confusingly, requests default judgment on the same grounds previously asserted in other motions, *see id.* at 11–13, which this Court rejected, *see* ECF 37 at 4–5, and responds to arguments made in briefing filed in connection with other motions that have already been decided, *see* ECF 42 at 2–8; ECF 37 at 6–16. This filing by Plaintiff appears to have caused some understandable confusion among the defendants. *See* ECF 54 at 6 n.2; ECF 56 at 3, 5, 8. Plaintiff's reply briefs, however, make clear that Plaintiff intended for his "Amended Complaint and Response to Court's Dismissal" to serve as his proposed amended complaint. *See* ECF 57 at 2 (stating that the document filed at ECF 42 "*is* the Amended Complaint[,]" and describing Plaintiff's references to "Exhibit A" as a "clerical error"); ECF 58 at 2–3 (stating that Plaintiff intended "ECF 42" to serve as an amended complaint, describing references to "Exhibit A" as a "minor scrivener's error").

Unfortunately, Plaintiff's proposed amended complaint does almost nothing to cure the deficiencies of his original Complaint. In some ways, the claims for relief Plaintiff seeks to assert against the defendants in the proposed amended complaint are even *less* clear than they were in the original Complaint. Still, the Court has endeavored to construe the proposed amended complaint liberally, as it must in due consideration of Plaintiff's self-represented status. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).

The Court previously dismissed Plaintiff's claims against the State of Maryland based on the State's Eleventh Amendment immunity and Plaintiff's failure to state a plausible claim under the *Ex Parte Young* doctrine. ECF 37 at 8–11 (citing *Dixon v. Baltimore City Police Dep't*, 345 F.

3

Supp. 2d 512, 513 (D. Md. 2003), *aff'd*, 88 F. App'x 610 (4th Cir. 2004); *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 163–64 (4th Cir. 2023); and other authorities). Although Plaintiff ambiguously disclaims entitlement to relief against the State[2] and purports to identify specific state officials responsible for ongoing violations of federal law, *see* ECF 40 at 6, the proposed amended complaint alleges various forms of wrongdoing by Maryland state agencies in broad, unspecific terms, *see* ECF 42 at 3, and does not identify any individual state official(s) responsible for the wrongdoing. The proposed amended complaint is clearly insufficient to state any plausible claim for relief against any agency or officer of the State of Maryland over which this Court has jurisdiction.

The Court previously dismissed Plaintiff's claims against the United States because the only wrongdoing he alleged was the FBI's failure to investigate or otherwise respond to certain complaints he filed with that agency, which the Court found to be non-actionable under the discretionary function exception to the FTCA's waiver of sovereign immunity. ECF 37 at 13–15 (citing *Blanco Ayala v. United States*, 982 F.3d 209, 215 (4th Cir. 2020); *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017); and other authorities). In his proposed amended complaint, Plaintiff argues that the discretionary function exception does not apply based on unspecified violations of "mandatory federal regulations" and "constitutional commands[,]" ECF 42 at 4, 10, without identifying any such regulations or describing any conduct by any defendant that violated any regulatory or constitutional requirement. Plaintiff purports to assert claims against specific individual federal officers, *see id.* at 10, but instead continues to identify the United States government and various federal governmental entities as defendants, including the FBI, the Small

---

[2] In a separate motion, which has not been withdrawn, Plaintiff continues to assert that he is entitled to a default judgment against the State, *see* ECF 39 at 6, but in his motion for leave to amend, Plaintiff asserts that he no longer intends to name the State as a defendant, *see* ECF 40 at 6; ECF 42 at 4.

4

Business Administration ("SBA"), and the Federal Trade Commission, *see id.* at 1, without identifying any specific acts or omissions by the government upon which any entitlement to relief may be founded. Moreover, Plaintiff does not allege any wrongdoing by any federal officers that fits within any recognized *Bivens* cause of action. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 389 (1971); *Ziglar v. Abassi*, 137 S. Ct. 1843, 1848 (2019); *Williams v. United States*, Civ. No. DKC-21-537, 2021 WL 1720230, at *3 (D. Md. Apr. 30, 2021). The proposed amended complaint is clearly insufficient to state any plausible claim for relief against the United States or any agency or officer of the federal government.

The Court previously dismissed Plaintiff's claims under the Administrative Procedure Act ("APA") for failure to specify any final agency action by any federal agency. ECF 37 at 15–16 (citing *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016); *Bennett v. Spear*, 520 U.S. 154, 177 (1997); and other authorities). Plaintiff now purports to identify "specific SBA funding denials[,]" ECF 42 at 5, 10, but no applications for funding or denials of funding are described in the proposed amended complaint with any level of specificity. Plaintiff's vague allegations are clearly inadequate to challenge any specific final agency action or to put the United States on notice of any grounds for Plaintiff's entitlement to relief.

Plaintiff broadly alleges discrimination, negligence, and violations of Title VI and VII of the Civil Rights Act, the Equal Protection Clause and Due Process Clauses of the U.S. Constitution, and the Federal Tort Claims Act ("FTCA"), ECF 42 at 3, but, again, fails to offer any facts to support these conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[A] plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions . . . ."). Plaintiff alleges, in conclusory fashion, "an ongoing and continuous policy of discriminatory practices, specifically by denying funding applications from minority-owned businesses like Plaintiff's while approving those of similarly situated or less qualified applicants," ECF 42 at 9, but fails to provide any facts to support this claim. He does not identify any discriminatory act taken by any defendant or any individual, any "policy of discriminatory practices," any funding application by any minority-owned business that was denied, or any funding application by any other applicant that was granted. Accordingly, the Court finds that the proposed amended complaint is clearly insufficient to survive any motion to dismiss for failure to state a plausible claim for relief.

Furthermore, throughout the proposed amended complaint, Plaintiff improperly asserts the rights of a corporation, Ufora, Inc., as an application for unspecified funding opportunities and seeks relief based on alleged injuries suffered by this corporate entity. Plaintiff lacks standing to assert claims on behalf of a separate entity like Ufora, Inc., and, as a corporation, Ufora, Inc. must be represented by counsel to appear in federal court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); Loc. R. 101.1(a) (D. Md. 2025).

Here, Plaintiff's proposed amended complaint is clearly insufficient to state any plausible claim for relief over which this Court has jurisdiction. If permitted to be filed, it obviously would not survive a motion to dismiss. The Court finds the proposed amendment to be futile and, therefore, denies Plaintiff's motion for leave to amend.

## II.     MOTIONS FOR ENTRY OF DEFAULT

Plaintiff has filed motions for entry of default as to both the State of Maryland, ECF 39, and the United States, ECF 55. A default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Plaintiff's motions for entry of default are denied because Plaintiff fails to show that either defendant has failed to defend against his claims.

Plaintiff requests entry of a default as to the United States based on the argument that the United States did not file a timely response to Plaintiff's motion for leave to amend. ECF 55. The deadline set by the Order dated December 9, 2025, for the United States' response was January 4, 2026, ECF 51, which was a Sunday. The United States filed its response on the next business day, January 5, 2026. ECF 56. The Court accepts this response as filed on time. *See Hughley v. Zanzibar on the Waterfront, LLC*, Civ. No. AW 10-1235, 2010 WL 2090316, at *2 (D. Md. May 21, 2010) ("[W]here the deadline falls on a Saturday or Sunday, the time for filing is extended to the next business day of the Court . . . ."). But even if the United States' response was untimely and without good cause, entry of a default would not be the appropriate remedy, considering the availability of less drastic sanctions. An untimely response to a motion does not by itself establish, under Rule 55(a), a defendant's failure to plead or otherwise defend against a plaintiff's claims. *See Kelly v. Hill*, Civ. ELH-20-2531, 2021 WL 3055615, at *18 (D. Md. July 19, 2021) ("[The failure to plead or defend does not automatically entitle a plaintiff to entry of default judgment. The decision to enter default is left to the discretion of this Court.") (citation omitted). Plaintiff's motion for entry of default as to the United States is denied.

While Plaintiff's motion for entry of default as to the State of Maryland is cluttered with irrelevant facts, ECF 39, Plaintiff appears to seek a default based on the same arguments asserted in his previous motion for default judgment and motion to strike, ECF 29 & 36, which this Court has already rejected, ECF 37 at 4–5. Again, Plaintiff would only be entitled to entry of default under Rule 55 if he could demonstrate the State's failure to defend against his claims. Fed. R. Civ. P. 55(a). No such showing has been made. To the contrary, the State has been an active participant

7

in this litigation, first, successfully seeking dismissal of claims asserted in Plaintiff's original Complaint, and, now, successfully opposing his motion for leave to amend. Untimely filings do not automatically entitle Plaintiff to a default. As the Court previously noted for Plaintiff, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Plaintiff's motion for entry of default as to the State of Maryland is denied.

### III.    MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff has renewed a motion for appointment of counsel. ECF 43. A party to a civil lawsuit is not entitled to court-appointed counsel. A district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citation omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). In deciding whether to grant or deny a request for appointment of counsel in a civil case, "a district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel[,]" including "whether the plaintiff has a colorable claim" and "considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (internal quotation marks and citation omitted).

The Court previously denied Plaintiff's request for appointment of counsel because Plaintiff failed to assert a colorable claim. ECF 37 at 16–17. As explained in Part I *supra*, Plaintiff still fails to assert a colorable claim. Plaintiff's repeated assertions to have identified specific federal and state officials responsible for alleged wrongdoing and specific denials of specific funding applications reflect his understanding that he was required to provide this level of specificity to present any colorable claim. Yet he has failed to name any individual government official as a defendant, failed to name any specific program to which he applied for funding and was wrongfully denied, failed to identify any regulation that any government official or agency violated, and failed to describe any discriminatory action taken by any government official or agency. Plaintiff has offered this Court no reason to believe he has a colorable claim to assert against any defendant and no reason to believe that appointment of an attorney would serve any useful purpose. This case does not present any exceptional circumstances that might warrant the appointment of counsel. Plaintiff's renewed motion for appointment of counsel is denied.

## IV.   CONCLUSION

For the reasons stated above, it is by the United States District Court for the District of Maryland hereby ORDERED that Plaintiff's motion for leave to file an amended complaint (ECF 40); motion for entry of default as to the State of Maryland (ECF 39), motion for entry of default as to the United States (ECF 55), and motion for appointment of counsel (ECF 43) are DENIED. The Clerk SHALL CLOSE this matter and SHALL SEND a copy of this Memorandum Order to Plaintiff and counsel for the defendants.

It is so ORDERED this __20th__ day of January, 2026.

                                                                 /s/
                                                Matthew J. Maddox
                                                United States District Judge